TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0260-KB

IN RE: SCOTT BLAIR

IN SUPREME COURT

**OPINION AND ORDER**

This case is before the Court upon the Movant's, Scott Blair, KBA Member Number 88683, motion to resign from the Kentucky Bar Association (KBA) under terms of permanent disbarment. His bar roster address is 369 Cornell Avenue 2, Hazard, Kentucky 41701. Kentucky Supreme Court Rule (SCR) 3.480(3) allows for "[a]ny member who has been engaged in unethical or unprofessional conduct . . . to withdraw his membership under terms of permanent disbarment . . . ." The KBA has filed a response expressing no objection to Blair's motion. Having reviewed the record and Blair's admission of unethical conduct, we grant his motion for permanent disbarment.

On April 15, 2024, the Inquiry Commission filed a Petition for Temporary Suspension Pursuant to SCR 3.165(1)(b) & (d). However, before this Court addressed that petition, on May 10, 2024, Blair entered a guilty plea to violating 18 U.S.C. §§ 1343, 1346, Honest Services Wire Fraud, in *United States v. Blair*, 6:24-mj-06038-HAI, in the United States District Court for the

Eastern District of Kentucky, Southern Division. Pursuant to SCR 3.166, Blair was automatically suspended from the practice of law in the Commonwealth the following day, May 11, 2024. He has remained suspended since that date.

According to the plea agreement, Blair admitted the following facts, which established his guilt:

(a) From in or about a date in April 2020, and continuing until in or about a date in March 2024, the Defendant knowingly and intentionally devised a scheme to fraudulently deprive the citizens of Perry County, in the Eastern District of Kentucky, of the right to the honest services of the Defendant, the elected Commonwealth Attorney, through bribery.

(b) The Defendant, in his role as the elected prosecutor was responsible for the just administration of the Commonwealth's criminal laws and owed the Commonwealth of Kentucky and its citizens a duty to perform his responsibilities free from self enrichment.

(c) The Defendant, on multiple occasions, agreed to take official actions in his role as the Commonwealth Attorney for the 33rd Judicial Circuit (encompassing all of Perry County), including but not limited to recommending probation and drug court and not recommending probation violations or sanctions for defendants he was prosecuting, in exchange for quantities of methamphetamine, procurement of methamphetamine, and sexual favors.

(d) As an example, on one occasion, the Defendant engaged in a Facebook messenger conversation with an individual who was serving a sentence of felony probation in Perry Circuit Court. When the individual expressed concerns that his probation would be violated after he missed a court date, the Defendant tried to convince the individual to come over for a sexual encounter. The Defendant assured the individual that the Defendant would not violate the individual's probation. Later messages reveal that an encounter occurred, and court records confirm that the individual's probation was not revoked.

(e) On another occasion, the Defendant agreed to recommend drug court and probation for an individual in exchange for that individual making deliveries of methamphetamine to the Defendant. On

2

numerous occasions, the Defendant would direct that individual to pick up methamphetamine for the Defendant. Sometimes the Defendant would provide the individual money and direct him which source to go to and other times the Defendant would direct the individual where to go to pick up prepackaged methamphetamine the Defendant had already purchased. The Defendant often communicated with the individual to make these demands via Facebook messenger. Court records reflect that the individual was sentenced to a term of probation and allowed entry into drug court. The Defendant admitted that he recommended drug court and probation for this individual, and that this individual picked up methamphetamine for the Defendant on approximately fifteen (15) occasions.

(f) Facebook messenger is an internet based social media platform that utilizes wire communication to allow individuals to communicate with one another.

To this Court, Blair admits to violating SCR 3.130(8.4)(b) which states that "[i]t is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." He also admits to violating SCR 3.130(8.4)(c) which states that "[i]t is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

Accordingly, it is hereby ORDERED:

1. Scott Blair is permanently disbarred from the practice of law in the Commonwealth of Kentucky;

2. Pursuant to SCR 3.450, Scott Blair is directed to pay all costs associated with these disciplinary proceedings in the amount of $76.50, for which execution may issue from this Court upon finality of this Opinion and Order;

3. Pursuant to SCR 3.480(4)(a), Scott Blair shall take all steps necessary

3

and practicable to cease all forms of advertisement of his practice immediately upon entry of this Opinion and Order and shall report the fact and effect of those steps to the Director of the KBA in writing within twenty (20) days after this Opinion and Order is entered; and

4. Pursuant to SCR 3.390, if he has not already done so, Scott Blair shall, within twenty (20) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Blair shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: August 22, 2024.

_____
CHIEF JUSTICE